PEOPLE, PLAINTIFF AND APPELLEE, *v.* OTERO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Arecibo in a Prosecution for Assault and Battery.

No. 1903.—Decided April 7, 1922.

DISMISSAL OF PROSECUTION—CAUSE FOR DELAY.—A motion for dismissal because more than 60 days had elapsed between the date of the arrest and the day on which the indictment was returned does not come too late because made at the threshold of the trial, and when the order overruling the motion does not show a good cause for the delay it will be reversed on appeal and the dismissal ordered.

The facts are stated in the opinion.

*Messrs. J. R. Aponte* and *A. Brusi* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Upon an indictment for assault with intent to kill appellant was convicted of aggravated assault and battery.

At the threshold of the trial on December 19, 1921, defendant, invoking section 448 of the Code of Criminal Procedure, moved to dismiss the action upon the ground that

more than sixty days had elapsed from the date of the arrest on July 20, 1921, until the day on which the indictment was returned, to wit, November 22, 1921.

The prosecuting attorney opposed the motion, but made no effort to show why the delay occurred, unless we may assume that the reasons given by the trial judge in overruling the motion were suggested in oral argument as matters of which the court might take judicial notice.

The grounds so stated were in substance that the motion came too late, long after the filing of the indictment, the arraignment and the plea of not guilty; that defendant had been admitted to bail on the day of his arrest and had spent no part of the time in prison, the court having been in vacation during August and September; and finally that, the court having been reopened on October 1st, the *fiscal,* on October 24, had presented a tentative charge to be submitted to the grand jury, which was not drawn until November 9 and which convened on November 21, the indictment having been returned on the following day.

It would seem reasonable to say, and is probably true, that in the case of indictment by grand jury something less than is required where the trial is upon information may suffice to explain or excuse the delay. But when timely objection is interposed some showing must be made. Here, for instance, if there were any reason why the grand jury was not called, the indictment returned and the trial had in October instead of November, that reason should, and easily could, have been made to appear of record, either by proper showing on the part of the *fiscal,* or, if a matter of judicial knowledge, by mere mention thereof in the order overruling the motion. This, in addition to the short time remaining after the arrest in July and before the beginning of the vacation, the months of August and September being accounted for by the fact that the court was in vacation, no doubt would have been enough. But we have held that the mere fact

that the court was in vacation during a part of the time intervening between the arrest and the filing of an information is inadequate. *People* v. *Nigaglioni,* 28 P. R. R. 217. See also *People* v. *Cèsari,* 26 P. R. R. 18.

No case has been cited, nor do we know of any, that has gone so far as to say that a motion of this kind, made before the jury is empanelled and sworn and before the parties are even asked whether they are ready to proceed, comes too late.

The judgment appealed from must be

*Reversed.*

Chief Justice Del Toro and Justices Wolf and Aldrey concurred.